# Oates v. The State.

## Assault With Intent to Murder.

(Decided June 11, 1908.   47 South. 74.)

1. *Appeal; Record; Questions Presented.*—The court cannot review an application for a change of venue when the records fails to disclose any action on said application by the lower court.

2. *Same.*—Where evidence is not palpably illegal and the bill of exceptions fail to disclose any grounds of objection interposed to such evidence, the lower court cannot be put in error for admitting the same.

3. *Homicide; Assault with Intent; Evidence; Former Threats.*—Unless there is doubt as to who commenced the difficulty or some evidence of a hostile demonstration or overt act on the part of the assaulted party, former threats against the defendant by the assaulted party are not admissible.

4. *Same.*—The fact that the assaulted party went to his buggy and raised the cushion therein was not of itself such a hostile demonstration or overt act as to render former threats alleged to have been made by the assaultted party against the defendant admissible in evidence.

5. *Appeal; Record; Questions Presented.*—Where refused charges are not set out in the bill of exceptions they cannot be considered by this court on appeal.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

S. S. (alias) Babe Oates was convicted of assault with intent to murder Sam Johnson, and was sentenced to imprisonment in the penitentiary for a term of fifteen years, and he appeals. Affirmed.

J. M. TUCKER, and P. E. ALEXANDER, for appellant. Change of venue should have been granted.—*Seams v. The State,* 84 Ala. 410; *Hussey v. The State,* 87 Ala. 121; *Terry v. The State,* 120 Ala. 286. Threats made by the assaulted person against defendant were admissible.—*Roberts v. The State,* 68 Ala. 156; *Green v. The State,* 69 Ala. 6; *Payne v. The State,* 60 Ala. 80.

ALEXANDER M. GARBER, Attorney-General, for the State. The action of the trial court on the application for charge of venue is not presented for review.— *Peters v. The State,* 100 Ala. 10; *Garrett v. The State,* 97 Ala. 18. Former threats against the defendant by the assaulted party are not admissible, unless there is a doubt as to who commenced the difficulty or hostile or avert act is shown on the part of the assaulted party.— *King v. The State,* 90 Ala. 60; *Gregory v. The State,* 140 Ala. 16.

ANDERSON, J.—The record fails to disclose any action by the court upon the application for a change of venue, and there is nothing for this court to review in respect to same.

The bill of exceptions does not purport to set out all the evidence, but merely sets out certain evidence permitted on the part of the state over the objection of the defendant, and certain evidence offered by defendant and to which objections by the state were sustained.

[Beverett v. The State.]

The bill of exceptions does not disclose any ground of objection to the evidence introduced by the state, and, it not being palpably illegal evidence, we cannot put the trial court in error for admitting same.

The evidence offered by the defendant as to former threats of the assaulted party against the defendant was admissible only when it appeared that there was a doubt as to who commenced the difficulty, or when it was shown that the assaulted party was making some hostile demonstration or overt act. The bill of exceptions sets up no detains of the difficulty sufficient to put the trial court in error in excluding this evidence. It does show that Johnson went to his buggy and raised the cushion, but this of itself was not an overt act or hostile demonstration.

The charge refused the defendant, not appearing in the bill of exceptions, cannot be considered by this court.

The judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.